## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 7 |
| TONI M. MOREY, | ) Case No. 08-31313-HJB |
| Debtor | ) |
| | ) |
| JACK E. HOUGHTON, JR. | ) |
| CHAPTER 7 TRUSTEE, | ) |
| | ) Adversary Proceeding |
| | ) No. 09-03005 |
| Plaintiff | ) |
| v. | ) |
| WYNDOM D. MOREY, JR., | ) |
| Defendant | ) |

### **MEMORANDUM OF DECISION**

Before the Court is the "Plaintiff's Motion to Strike Answer and for Order Directing Counsel to Cease Assistance" (the "Motion to Strike"), filed by plaintiff Jack E. Houghton, Jr. (the "Trustee"), as Chapter 7 trustee of the bankruptcy estate of Toni M. Morey (the "Debtor"). The Motion to Strike raises a question which arises in this Court with some regularity; that is, whether an attorney for a Chapter 7 debtor may also represent a non-

1

debtor defendant in an adversary proceeding brought by the debtor's trustee in bankruptcy.[1]

I.   FACTS AND POSITIONS OF THE PARTIES

On December 31, 2004, the Debtor and defendant Wyndom D. Morey, Jr. ("Wyndom") were granted a judgment of divorce nisi from the Commonwealth of Massachusetts Hampshire County Probate and Family Court, which became absolute in due course. The judgment incorporated a prior marital separation agreement (the "Separation Agreement") between the parties, pursuant to which the Debtor and Wyndom agreed that the Debtor would convey her one-half interest in certain real estate located at 8 Sawyer Road in Worthington, Massachusetts (the "Property") to Wyndom for the sum of $25,000 to be paid by him. On July 12, 2006, the Debtor executed a deed conveying her interest in the Property to Wyndom. Although the exact amount is in dispute, the parties agree that the amount that has been paid by Wyndom to the Debtor is substantially less than the $25,000 called for under the Separation Agreement.[2]

On January 30, 2009, the Trustee filed the instant adversary proceeding against Wyndom alleging, pursuant to 11 U.S.C. § 544(a) and Massachusetts General Laws chapter 109A, that Wyndom had received a fraudulent transfer avoidable by the Trustee.

---

[1] Typically, the debtor's attorney is inclined to represent that debtor's spouse, child or parent in the same bankruptcy case and to presume the unlikelihood of conflicts of interest. Regardless of the rectitude of that presumption, the debtor and non-debtor here are former spouses – clearly fertile ground for conflicts of interest to develop.

[2] The Trustee contends that Wyndom paid the Debtor a total of $6,200 in various installments in satisfaction of the debt. (Compl. ¶ 14.) Wyndom counters that, in addition to other consideration, he paid a minimum of $7,100 in cash. (Answer ¶ 15.)

In response, Wyndom maintained that, in lieu of further cash payments for the Property, he and the Debtor had privately modified the Separation Agreement without leave from the Probate Court. Instead of following the original plan set forth in the Separation Agreement, whereby their minor child would reside with the Debtor and Wyndom would pay the Debtor the weekly sum of $100 in child support, the Debtor and Wyndom subsequently agreed that their minor child would reside with Wyndom instead. And in lieu of the Debtor paying $100 per week of child support to Wyndom, that amount would be deducted from the monies owed by Wyndom to the Debtor on account of the conveyance to him of the Property. Further, Wyndom contends that he delivered further consideration to the Debtor by allowing her to claim the child as a dependent on her 2005 tax returns, resulting in a $4,000 refund to her.[3] Thus, Wyndom maintains that the total of his cash payments and other considerations to the Debtor over time constituted adequate consideration for her interest in the Property previously conveyed to him, and accordingly, no fraudulent transfer occurred.

Not before the Court is the question of whether Wyndom's purported defenses, even if true, are sufficient to meet the Trustee's allegations. Attorney Richard Isacoff has entered an appearance for Wyndom in this adversary proceeding; and what is before the Court is the propriety of Debtor's counsel, Attorney Isacoff, accepting that representation. The Trustee complains that this type of dual representation is impermissable since it creates an irreconcilable conflict of interest. Attorney Isacoff retorts that no conflict exists because he is working as an attorney for the family's interests and owes no duty to the

---

[3] This Court's failure to further expound on this point should not be interpreted as an implied ruling that such deductions are freely assignable.

Trustee. Further, he argues that both Wyndom and the Debtor have waived any conflict that may exist and have consented to joint representation, making any potential conflicts moot.

II.     DISCUSSION

The duties of a Chapter 7 debtor are enumerated in 11 U.S.C. § 521. Pursuant to § 521(a)(3), the Debtor is required to "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under [Title 11]." The term "cooperate" is a broad one and has been held to mean "that whenever the trustee calls upon the debtor for assistance in performance of his duties, the debtor is required to respond, at least if the request is not unreasonable." In re Stinson, 221 B.R. 726, 731 (Bankr. E.D. Mich. 1998) (citing 4 Collier on Bankruptcy ¶ 521.11[5], at 521-43 (Lawrence P. King ed., 15th ed. 1996)). Indeed, in most cases, the consequences of failing to cooperate with the trustee is denial of the debtor's discharge. See generally 11 U.S.C. § 727(a).

A Chapter 7 trustee's duties are outlined in 11 U.S.C. § 704. Those duties include the collection of the bankruptcy estate's property and reduction of that property to money. 11 U.S.C. § 704(a)(1). The prosecution of avoidance claims held by the estate unquestionably falls within the scope of the trustee's responsibilities. Thus, the debtor has a duty to cooperate and "to disclose information that would assist the Trustee in his efforts to recover assets of the estate in . . . preference and fraudulent conveyance actions." Pereira v. Allboro Bldg. Maint., Inc. (In re Allboro Waterproofing Corp.), 224 B.R. 286, 292 (Bankr. E.D.N.Y. 1998).

Some courts have held that the debtor's duty to cooperate with the Chapter 7 trustee is a responsibility shared by the debtor's counsel, as agent for the debtor, In re Cochener, 360 B.R. 542, 580 (Bankr. S.D. Tex. 2007) and that "[a]n attorney for the debtor has a fiduciary duty not only to the debtor, but has a fiduciary obligation to act in the best interest of the entire estate, including creditors." Agresti v. Rosenkranz (In re United Utensils Corp.), 141 B.R. 306, 309 (Bankr. W.D. Pa. 1992).[4] This Court respectfully disagrees and believes that the only duty which counsel for the debtor assumes is to his or her client. Cf. Distefano v. Stern (In re J.F.D. Enters., Inc.), 223 B.R. 610, 623-24 (Bankr. D. Mass. 1998)(finding counsel to a Chapter 11 creditors' committee represents only the committee and not the class of creditors for whom the committee is a fiduciary).

Nevertheless, clarification of the person to whom an attorney for a Chapter 7 debtor has a fiduciary duty does not answer the question of whether that same attorney, consistent with his or her professional ethical responsibilites, may undertake the representation of an entity whose interests potentially conflict with those to whom the *debtor* has a fiduciary duty – or whether a debtor may waive such a conflict. A perfect example is presented here, where a Chapter 7 debtor's counsel seeks to also represent a non-debtor defendant in a fraudulent transfer action brought by the Chapter 7 trustee.

Attorneys practice in this Court through admission to the bar of the United States District Court for the District of Massachusetts (the "Massachusetts District Court"). For the purpose of defining the ethical requirements of practice before the Massachusetts District

---

[4] But see In re Waldvogel, 125 B.R. 13, 15 (Bankr. E.D. Wis. 1991)("The chapter 7 debtor . . . while under a duty to cooperate with the chapter 7 trustee, acts primarily for his own benefit. . . . [T]here is always a trustee who, like a chapter 11 debtor in possession and unlike a chapter 7 debtor, serves for the benefit of the creditors.")

Court, Massachusetts District Court Local Rule 83.6(4)(B) generally incorporates "those canons and rules adopted by the Supreme Judicial Court of Massachusetts ("SJC"), embodied in [SJC] Rules 3:05, 3:07 and 3:08 . . ."  Massachusetts Rules of Professional Conduct Rule 1.7 ("Rule 1.7") governing conflicts of interest provides:

> (b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:
>
> > (1) the lawyer reasonably believes the representation will not be adversely affected; and
>
> > (2) the client consents after consultation. . . .

Mass. Rules Prof'l Conduct R. 1.7 (2006). But Comment 5 to Rule 1.7 explains that "when a disinterested lawyer would conclude that the client should not agree to the representation under the circumstances, the lawyer involved cannot properly ask for such agreement or provide representation on the basis of the client's consent."  Id. at cmt. 5.  And Comment 4 to Rule 1.7 notes that "[l]oyalty to a client is also impaired when a lawyer cannot consider, recommend or carry out an appropriate course of action for the client because of the lawyer's other responsibilities or interests."  Id. at cmt. 4.

Several courts examining possible attorney conflicts in similar circumstances have held that simultaneous representation of the debtor and non-debtor defendants in an adversary proceeding creates an irreconcilable conflict of interest.  See, e.g., Inghram v. Hays (In re Witt), No.07-7017, 2008 WL 514999, at *5 (C.D. Ill. Feb. 25, 2008)(stating the debtor's attorney should not represent the debtor's non-debtor boyfriend against whom the trustee had fraudulent transfer claims due to a clear conflict of interest); Pereira, 224 B.R. at 289 (finding that "[t]he interests of the Debtor and Defendants do differ, and there is an

actual conflict that merits cessation of multiple representation"). Very often these cases have arisen when attorneys for corporate debtors have sought to represent their principals in adversary proceedings brought against them. See Parker v. Frazier (In re Freedom Solar Ctr., Inc.), 776 F.2d 14 (1st Cir. 1985). Although corporate cases present some unique issues not present here, those differences are not outcome determinative and the overwhelming similarities warrant like treatment.[5]

In Parker v. Frazier, the sole shareholder of the corporation engaged the debtor's bankruptcy attorney to assist with his formation of a new company that would purchase many of the debtor's assets. Id. at 15. The shareholder was also subject to potential personal liability to the debtor's bankruptcy estate on account of preferential transfers made by the debtor corporation in payment of obligations of the shareholder. Id. Interpreting the Maine Code of Professional Responsibility rules governing attorney conflicts, the First Circuit Court of Appeals found that a clear conflict existed between the debtor's obligation to cooperate with the trustee and the shareholder's personal interests in the formation of the new corporation and in defense against potential preferential transfer claims. Id. at 16-17. The conflict could not be overcome because "[f]ederal law imposes duties on the debtor. In a given case these duties can become onerous and complicated, necessitating truly independent counsel." Id. at 18.

Although the First Circuit has not addressed similar issues under the Massachusetts Rules of Professional Conduct, the analogous Massachusetts provisions compel the same

---

[5] For example, a Chapter 7 trustee's consent to the conflict is required in cases with corporate debtors because "[o]nce a trustee has been appointed in bankruptcy, all functions traditionally handled by the debtor's management are subsumed by the trustee." Parker, 776 F.2d at 17. See also Pereira, 224 B.R. at 292-93.

7

result.[6]  As in Parker, the circumstances here create "a situation in which the debtor's duty to cooperate . . . might be directly opposed to [the attorney's] interest" in his representation of Wyndom in an adversary proceeding.  Parker, 776 F.2d at 18.  And, in this case as in Pereira, "[c]ounsel here *cannot* adequately and vigorously represent [Wyndom] in [this adversary proceeding] while simultaneously attempting to provide proper counsel to the Debtor in the underlying bankruptcy case."  Pereira, 224 B.R. at 293 (emphasis in original).

Disqualification of an attorney is a decision that should not be taken lightly, as disqualification by its nature deprives a party of his or her counsel of choice.  But Attorney Isacoff undertook to represent the Debtor who, correspondingly, undertook responsibilites to the Trustee and the bankruptcy estate in this case.  Attorney Isacoff can not fully and adequately perform the duties incident to that representation while simultaneously representing Wyndom's interests which are adverse to the Trustee and the bankruptcy estate in this adversary proceeding.

III.    CONCLUSION

Because Attorney Isacoff cannot fully and adequately assist the Debtor with her duty of cooperation to the Trustee and the bankruptcy estate while simultaneously representing Wyndom in his defense of claims made by the Trustee in this adversary proceeding, and

---

[6] Cases decided pursuant to the ethics provisions of other states have reached similar conclusions.  See, e.g., Parker, 776 F.2d at 16 (applying the Maine Code of Professional Responsibility); Pereira, 224 B.R. at 291, 293 (applying the New York Code of Professional Responsibility and finding a conflict was "so intrinsic" that the firm "cannot be allowed to continue with the simultaneous representation"); Paloian v. Greenfield (In re Rest. Dev. Group, Inc.), 402 B.R. 282, 289-91, 293 (Bankr. N.D. Ill. 2009)(applying the Illinois Rules of Professional Conduct).

because that conflict is clear and irreconcilable, Attorney Isacoff is disqualified from representing Wyndom in this adversary proceeding.

    A separate order consistent with this Memorandum will issue accordingly.

DATED:   October 7, 2009

                                            By the Court,

                                            _____
                                            Henry J. Boroff
                                            United States Bankruptcy Judge